## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BROOK & WHITTLE, LTD., | : | Case No. _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CAMERON SCHNEIDER, | : | |
| | : | |
| Defendant. | : | |

### NOTICE OF REMOVAL

Defendant Cameron Schneider ("Defendant"), through his counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this notice of removal from the Superior Court Judicial District at New Haven, Connecticut, to the United States District Court for the District of Connecticut on the following grounds:

### I.       Introduction

1.       On February 6, 2026, Plaintiff filed a Complaint in the Superior Court Judicial District at New Haven, Connecticut, captioned *Brook & Whittle, LTD. V. Cameron Schneider*, Complaint No. NNH-CV26-6165753-S. Plaintiff brings four (4) claims against Defendant in its Complaint, including Breach of Contract – Covenant not to Compete, Breach of Contract – Covenant Not to Solicit and/or Interfere with Company's Employees, Breach of Good Faith and Fair Dealing, and Breach of Fiduciary Duty.

### II.       Removal Procedures and Venue

2.       The Complaint was served on Defendant on March 11, 2026, and this Notice of Removal is timely filed within thirty (30) days of service pursuant to 28 U.S.C. § 1446(b).

3. Pursuant to 28 U.S.C. § 1446(a) and District of Connecticut Standing Order on Removed Cases, copies of all process, pleadings, orders, and other papers filed in the state court action are attached to this Notice.

4. Undersigned counsel certifies, in accordance with 28 U.S.C. § 1446(d), that concurrent with the filing and service of this Notice of Removal, Defendant's "Notice of Filing Notice of Removal" has been served upon counsel for Plaintiff, Glenn A. Duhl and Thomas E Driscoll, attorneys with the law firm Zangari Cohn Cuthberson Duhl & Grello P.C., 59 Elm Street, Suite 400, New Haven, Connecticut, 06510, and a copy of the same, along with Defendant's "Notice of Filing Notice of Removal," has been filed with the Clerk of the Superior Court Judicial District at New Haven, Connecticut.

5. Venue for this Removal Action is proper in U.S. District Court for the District of Connecticut, because this district includes the Judicial District at New Haven, Connecticut, where the state court action is pending, in accordance with 28 U.S.C. § 1446(a).

### III. Basis for Removal: Diversity Jurisdiction

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, and it may be removed to this Court pursuant to 28 U.S.C. § 1441(a) because complete diversity of citizenship exists between the Plaintiff and Defendant, and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Plaintiff is a Delaware corporation with a principal place of business at 20 Carter Drive, Guilford, Connecticut 06437.

8. Defendant is an individual residing at 411 Ardmore Drive, Trenton, Ohio 45067. Thus, Defendant is not a resident of Connecticut for purposes of 28 U.S.C. § 1332(a), and the parties have complete diversity of citizenship.

9.      Plaintiff's Complaint alleges that Defendant breached the non-compete agreement between the parties by accepting employment from a competitor. Complaint ¶¶ 14-15. Plaintiff alleges that it has spent substantial amounts of time and money developing confidential and proprietary information and trade secrets, which it believes to be at risk by virtue of Defendant's employment with a competitor. *Id.* at ¶ 7. Plaintiff further alleges that Defendant advised or solicited an employee of Plaintiff to accept employment from the same competitor where Defendant is employed in violation of Defendant's agreement with Plaintiff. *Id.* at ¶¶ 31-36.

10.      As a result of the alleged actions taken by Defendant, Plaintiff alleges that it has sustained and seeks damages including compensatory damages and attorneys' fees and costs. *Id.* at ¶¶ 30, 41, 45,[1] 46, and WHEREFORE Paragraph. Plaintiff confirms that it anticipates that the amount of damages requested from the jury will likely be "not less than $15,000, exclusive of interest and costs." *Id.*, Statement of Amount in Demand.

11.      Despite the lack of specific damages alleged in the Complaint, a cause of action may be removed where the Defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2); *Jean-Louis v. Carrington Mortg. Servs.*, 849 F. App'x 296, *299 (2d Cir. 2021).

12.      Plaintiff has not pled that it will seek less than $75,000.00, and the Complaint does not establish with a legal certainty that damages are less than $75,000.00.

13.      Conn. Gen Stat. § 52-236 allows Plaintiff to recover damages in an action founded on contract. Plaintiff claims it has sustained and continues to sustain damages. Complaint ¶¶ 30, 41, 45,[2] 46.

---

[1] The Complaint contains two Paragraphs numbed 45. The cite here references Paragraph 45 on page 8 of the Complaint.
[2] The Complaint contains two Paragraphs numbed 45. The cite here references Paragraph 45 on page 8 of the Complaint.

14.    Additionally, Plaintiff claims that the contract which forms the basis for Plaintiff's claims permits the prevailing party in an action relating to the contract to recover attorneys' fees and costs of litigation incurred in prosecuting or defending such litigation from the non-prevailing party.

15.    It is a near certainty that Plaintiff's attorneys' fees to fully prosecute this matter would exceed $75,000, and it is common for damages and the recovery of fees in a contract action such as this to exceed $75,000. For example, in *Home Funding Group, LLC v. Kochmann*, the Court awarded $88,259 in just attorney's fees to the prevailing party. *Home Funding Grp., LLC v. Kochmann*, No. 3:06CV1234 (HBF), 2008 U.S. Dist. LEXIS 70809 (D. Conn. Sep. 16, 2008).

16.    Considering the availability of recovering damages founded on contract, as well as attorneys' fees and costs, it is facially apparent from the Complaint that Plaintiff's claims for relief exceed $75,000.00. *See Jean-Louis v. Carrington Mortg. Servs.*, 849 F. App'x 296, *299.

17.    While Defendant denies any and all liability to Plaintiff, for purposes of ascertaining the amount in controversy, the total damages at issue in this case clearly satisfy the jurisdictional threshold. Plaintiff claims it has sustained damages and continues to sustain damages. When considering Plaintiff's compensatory damages together with the potential award of attorneys' fees and costs, the total value of Plaintiff's claim more likely than not exceeds the requisite $75,000 for federal jurisdiction.

### IV.    Conclusion

WHEREFORE, Defendant respectfully requests the above-captioned action now pending in the Superior Court Judicial District at New Haven, Connecticut, be removed to the United States District Court for the District of Connecticut, and that this Court assume full jurisdiction over the case as provided by law.

-5-

Respectfully submitted,

*/s/ Javier F. Flores*
Javier F. Flores, Esq. (Juris No. 427182)
Dinsmore & Shohl LLP
101 Arch Street, Suite 1800
Boston, MA 02110
Phone: (857) 305-6383
Facsimile: (857) 305-6401
Email:  Javier.Flores@dinsmore.com
*Attorney for Defendant*

-6-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th day of March 2026, a true and exact copy of the foregoing

**Notice of Removal** was electronically filed with the Clerk of the District Court using the CM/ECF

system and served upon counsel for Plaintiff via first-class mail, postage prepaid, at the following

address:

Glen Duhl
Thomas Discroll
**Zangari Cohn Cuthbertson Duhl & Grello P.C.**
59 Elm Street, Suite 400
New Haven, Connecticut 06510

*/s/ Javier F. Flores*
Javier F. Flores

-6-